IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
DC. CLERK, CHARLESTON, SC

2013 JUN 11 P 3: 42

| | | |
|---|---|---|
| Jeffrey Roy Crosby, | ) | |
| | ) | |
| Movant, | ) | 4:95-cr-00619-CWH-1 |
| | ) | 4:96-cv-00788-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

On September 12, 2011, the movant, Jeffrey Roy Crosby ("Crosby"), acting pro se, filed a petition for writ of error coram nobis pursuant to 28 U.S.C. § 1651 (4:95-cr-00619, ECF No. 48). For the reasons set forth below, the Court denies Crosby's petition.

## I. FACTS AND PROCEDURAL HISTORY

On September 20, 1995, a jury convicted Crosby, a convicted felon, on charges of possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (4:95-cr-00619, ECF No. 29). On February 20, 1996, the Court sentenced Crosby to a term of eighty-four months imprisonment, to be followed by three years supervised release. (4:95-cr-00619, ECF No. 32). On February 28, 1996, Crosby filed a timely notice of appeal. (4:95-cr-00619, ECF No. 35). The Fourth Circuit affirmed Crosby's conviction and sentence on October 21, 1996. (4:95-cr-00619, ECF No. 42).

In addition, on March 14, 1996, Crosby filed a motion to vacate his sentence under 28 U.S.C. § 2255. (4:96-cv-00788, ECF No. 1). On April 22, 1996, the Government filed a response in opposition to Crosby's § 2255 motion and a motion for summary judgment. (4:96-cv-00788, ECF No. 3). On March 30, 1999, the Court granted the Government's motion for summary judgment and denied Crosby's § 2255 motion. (4:96-cv-00788, ECF No. 11). On April 12, 1999,



Crosby filed a notice of appeal. (4:96-cv-00788, ECF No. 13). On April 15, 1999, Crosby filed a motion for issuance of a certificate of appealability for appeal. (4:96-cv-00788, ECF No. 14). On July 19, 1999, the Fourth Circuit denied Crosby a certificate of appealability and dismissed the appeal. (4:96-cv-00788, ECF No. 15). On December 17, 1999, in light of new evidence that Crosby's § 2255 motion was filed prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, the Fourth Circuit granted a rehearing and affirmed Crosby's conviction and sentence. (4:96-cv-00788, ECF No. 17).

On February 16, 2001, the Fourth Circuit denied Crosby's motion pursuant to 28 U.S.C. § 2244. (4:95-cr-00619, ECF No. 45). On August 26, 2001, Crosby satisfied his 1996 sentence and began his term of incarceration for a sentence received in a separate case, which is projected to expire on April 24, 2028. On September 12, 2011, Crosby filed a petition for writ of coram nobis. (4:95-cr-00619, ECF No. 48).

## II. STANDARD OF REVIEW

Pro se submissions are to be construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted). Nevertheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

28 U.S.C. § 1651, known as the All Writs Act, "is a residual source of authority to issue writs that are not otherwise covered by statute." Antley v. United States, No. 3:08-533-DCN, 2009 WL 2707426, at *4 (D.S.C. June 11, 2008) (internal quotation marks omitted) (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996) & Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34,



43 (1985)). This statute allows "all courts established by Act of Congress . . . [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pa. Bureau of Corr., 474 U.S. at 43.

The writ of error coram nobis is a "remedy of last resort . . . ." United States v. Akinsade, 66 F.3d 248, 252 (4th Cir. 2012). The purpose of this writ is to "provide[] a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012) (citation omitted) (emphasis omitted). It is available in the criminal context only to challenge "errors of the most fundamental character" that compel action to "achieve justice." United States v. Morgan, 346 U.S. 502, 511-12 (1954) (internal quotation marks omitted); United States v. Vogel, No. 2:91-cr-440, 2006 WL 1074899, at *2 (D.S.C. Apr. 20, 2006) (citation omitted).

The writ, described by the United States Supreme Court as an "extraordinary" remedy, "may not [be] issue[d] when alternative remedies, such as habeas corpus [or direct appeal], are available." United States v. Denedo, 556 U.S. 904, 911, 913 (2009) (citation omitted); In re Hall, 372 F. App'x 359, 359 (4th Cir. 2010) (per curiam); see Akinsade, 686 F.3d at 252 (stating the writ of error coram nobis is not available to raise claims that were or could have been raised through a motion to vacate sentence under 28 U.S.C. §§ 2255 or 2241); see also Antley, 2009 WL 2707426, at *4 (stating "[t]he denial of the § 2255 motion does not open the door for use of the writ of error coram nobis under § 1651") (citation omitted). In addition, "the writ is limited to those petitioners who are no



longer in custody¹ pursuant to their convictions." In re Evans, 478 F. App'x 760, 760 (4th Cir. 2012) (per curiam) (citing Carlisle, 517 U.S. at 429). The United States Supreme Court has observed "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Carlisle, 517 U.S. at 429 (quoted in In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (per curiam)).

Although rare, writs of error coram nobis have been issued "to correct errors of fact unknown to the court at the time of the judgement [sic], without fault of the defendant, which, if known would probably have prevented the judgment." Heijnen v. United States, No. 8:03-cr-00045-GRA-6, 2010 WL 1344981, at *1 (D.S.C. Mar. 30, 2010) (quoting Morgan, 346 U.S. at 516). However, this writ "does not lie for newly discovered evidence unless the newly discovered evidence is of such conclusive nature that, if known, would have resulted in a different judgment[,]" United States v. Taylor, 49 F. Supp. 353, 354 (N.D.W. Va. 1943), nor does it lie for "matters that have already been put in issue and determined." Sun v. United States, 342 F. Supp. 2d 1120, 1127 (N.D. Ga. 2004) (citations omitted). In order for a petitioner to prevail on his petition for writ of error coram nobis, he must show: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Akinsade, 686 F.3d at 252 (citation omitted).

### III. DISCUSSION

In his petition for writ of coram nobis, Crosby, who has served his 1996 sentence, requests the Court to vacate his conviction on the grounds of unconstitutional search and seizure, ineffective

---

¹ A petitioner is not considered to be in custody when the sentence imposed for that conviction has fully expired. Flaherty, 689 F.3d at 336 (quoting Maleng v. Cook, 490 U.S. 488, 492 (1989)).



assistance of counsel, violation of his Miranda rights, and newly discovered evidence. Before the Court addresses the merits of the petition for a writ of coram nobis, it must determine whether the petition is properly before the Court. Schepis v. United States, No. 0:07-0753-JFA, 2008 WL 474237, at *5 (D.S.C. Feb. 20, 2008) (citations omitted). In order to determine if a petition is properly before the Court, the Court employs the same analysis as used in a § 2255 proceeding. Id. A petition will not be entertained if "(1) the same grounds presented in the current petition were determined adversely to Petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the 'ends of justice' would not be served by reaching the merits of the repetitive grounds in the current petition." Id. at *6 (quoting Durrani v. United States, 294 F. Supp. 2d 204, 210 (D. Conn. 2003) and citing Saunders v. United States, 373 U.S. 1, 15 (1963)). Applying these standards to the case at hand, the Court will not entertain the merits of Crosby's petition.

### A. Unconstitutional Search and Seizure, Miranda violations, and Ineffective Assistance of Counsel

Either on direct appeal or in his § 2255 motion, this Court and/or the Fourth Circuit previously addressed three of Crosby's four arguments—unconstitutional search and seizure, Miranda violation, and ineffective assistance of counsel.

In his writ of error coram nobis, Crosby argues that the search and seizure was unconstitutional because "reasonable suspicion was not present." (4:95-cr-00619, ECF No. 48, p. 15). However, the Fourth Circuit previously ruled on this issue and determined that Crosby consented to the search. United States v. Crosby, 98 F.3d 1336, 1336 (4th Cir. 1996) (per curiam).

Next, Crosby argues "it was a fundamental error resulting in the conviction for the trial court to allow . . . [Probation Officer Vic] Bartel[l] to tell the jury that Crosby said his prints could be on



the guns, when he informed the court that he never gave warnings as required under Miranda . . . ." (4:95-cr-00619, ECF No. 48, p. 15). Crosby raised this same issue on appeal. As stated above, the Fourth Circuit affirmed his conviction and found that "there was no custodial interrogation within the meaning of Miranda, or anything in this record to suggest that Crosby was significantly deprived of his freedom, or coerced or restrained so as to render him in custody at any time prior to making the statement at issue." Crosby, 98 F.3d at 1336. Therefore, Crosby's Miranda rights were not violated.

Third, Crosby insists that his attorney provided ineffective assistance of counsel. (4:95-cr-00619, ECF No. 48, p. 16). Crosby claimed ineffective assistance of counsel in his § 2255 motion, his rebuttal in reference to his § 2255 motion, and his motion for issuance of a certificate of appealability for appeal as well. (4:96-cv-0788, ECF Nos. 1, 6, & 14). Some of his claims in the pending petition are the same as those listed in the previously stated documents, and others are new. Because the additional claims he lists in the pending petition are based on errors that allegedly occurred during his trial, Crosby either had knowledge or should have had knowledge of them at the time he filed his § 2255 motion or direct appeal. Thus, they should have been raised at that time. Therefore, Crosby's petition does not meet the exceptional circumstances to warrant this extraordinary relief. See United States v. Wilson, 77 F.3d 472, 472 (4th Cir. 1996) (per curiam) (holding that the petitioner is not entitled to coram nobis relief because he did not raise the claims in his direct appeal or § 2255 motion even though he had knowledge of the claims at that time) (citing United States v. Keane, 852 F.2d 199, 202 (7th Cir. 1988) (claims that could have been raised by direct appeal are outside [the] scope of writ of error coram nobis)).

As the recitation of procedural history set forth above makes clear, Crosby availed himself of an appeal and a § 2255 petition in an attempt to collaterally challenge his conviction and

sentence. The fact that these entreaties were either unsuccessful or not raised at all does not mean that the writ of coram nobis is available to him. Further, the "[i]nability to meet gatekeeping requirements applicable to § 2255 successive or second petitions is not sufficient to warrant coram nobis relief." Mines v. United States, No. WMN-10-520, 2010 WL 917059, at *2 (D. Md. Mar. 8, 2010) (citation omitted). Therefore, because these claims have previously been ruled on and the ends of justice would not be served by ruling on the merits of these same claims again, this Court need not address the merits of these claims for writ of error coram nobis.

B.  **Newly Discovered Evidence**

Due to Crosby's prior efforts to challenge his conviction, "at this point, coram nobis relief would only be appropriate if the challenge were based on grounds newly realized after a completed sentence or under a change of law." Schepis, 2008 WL 474237, at *6 (citing Sun, 342 F. Supp. 2d at 1126). Actually, one of Crosby's reasons for filing his writ of error coram nobis is based on the evidence he allegedly discovered in June 2011. This new evidence reveals that his former girlfriend, Dixie Welch, married Terry Creel, a man she had relations with prior to Crosby's 1992 prison release. (4:95-cr-00619, ECF No. 48, p. 13). Crosby insists that Welch's relationship with Creel was "Welch's cause for getting rid of Crosby . . . ." (4:95-cr-00619, ECF No. 48, p. 17). Allegedly, Welch told a friend "that she was going to set up Crosby to 'go away for life,' and use guns and drugs to do it." (4:95-cr-00619, ECF No. 48, p. 6).

Crosby provides no explanation as to why these facts could not have been discovered earlier through the exercise of due diligence. Even so, this evidence, if known, would not have resulted in a different judgment. Although Crosby might not have been aware that Welch and Creel were married, Crosby was indeed aware of the relationship between Welch and Creel. In his motion for issuance of a certificate of appealability for appeal, he stated Welch and Creel were involved in a



relationship. (4-96-cv-00788, ECF No. 14). Specifically, he stated, "Welch had a lover named Creel for years prior to . . . [his] arrest." (4-96-cv-00788, ECF No. 14, p. 2). Further, in his § 2255 rebuttal, he stated that Terry Creel should have been called as a witness. (ECF No. 6). In this same rebuttal, one of the attachments stated that Welch had previously confessed her relationship with Creel. (4-96-cv-00788, ECF No. 6). Therefore, even though the marriage of Welch and Creel might be new information to Crosby, it is not fundamental in character because he was aware of their relationship and acknowledged it in his previous motions. Further, the Fourth Circuit specifically stated in its ruling that "there were multiple witnesses who testified at trial that Crosby had been in possession of firearms." Crosby, 95 F.3d at 1336. Therefore, this Court need not address the merits of these claims for writ of error coram nobis.

## IV. CONCLUSION

For the reasons discussed above, Crosby's petition for writ of coram nobis is denied (4:95-cr-00619, ECF No. 48).

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

June 11, 2013
Charleston, South Carolina

